UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JAMAL HAMADE**, <br><br> Plaintiff, <br> vs. <br><br> **COMMISSIONER OF SOCIAL SECURITY,** <br><br><br> Defendant. | 2:20-CV-11363-TGB-PTM <br><br> **ORDER ADOPTING REPORT AND RECOMMENDATION (ECF NO. 17)** |

This matter is before the Court on Magistrate Judge Patricia T. Morris' Report and Recommendation of May 3, 2021, recommending that Plaintiff's motion for summary judgment be denied, that Defendant's motion for summary judgment be granted, and that the findings and conclusions of the Commissioner be affirmed. ECF No. 17. The Court has reviewed Magistrate Judge Morris' Report and Recommendation, and Plaintiff's objections thereto. For the reasons set forth below, Plaintiff's objections are **OVERRULED**, and the Report and Recommendation is **ACCEPTED** and **ADOPTED** as the Court's findings of fact and conclusions of law. Consequently, the decision of the Commissioner denying Plaintiff's disability claim is **AFFIRMED**.

## I.  BACKGROUND

Jamal Hamade was hospitalized in April 2018 after making threats via Facebook directed at Chase Bank. ECF No. 11, PageID.258. After being transferred from Ascension Providence Hospital to the Common Ground crisis facility to Havenwyck Hospital, he was evaluated by Dr. Srinivasa Kodali and prescribed several medications. *Id.* at PageID.280-83. Mr. Hamade eventually refused the original medications and his regimen was changed. *Id.* at PageID.284-89. Records from later in April show that he was making progress and was compliant with his medications. *Id.* at PageID.291.

Mr. Hamade was required by court order to go to the Easterseals treatment facility; his April 30, 2018 evaluation indicated that Plaintiff was unhappy to be under orders to take medication and had not taken his medications since discharge from Havenwyck. *Id.* at PageID.348-66. At the time, he had a diagnosis of psychotic disorder NOS (Not Otherwise Specified). In ongoing months, Mr. Hamade would return periodically to Easterseals for treatment or services and had varying levels of compliance with medical advice and suggested treatment regimes. R. & R., ECF No. 17, PageID.603-04.

Mr. Hamade applied for social security benefits on May 10, 2018, alleging he became disabled at the time of his original hospitalization on April 13. His original application was denied. He requested a hearing before an administrative law judge (ALJ), which occurred on December

2

19, 2019. The ALJ found that he was not disabled and therefore ineligible for benefits. *Id.* at PageID. 597. After the Social Security Appeals Council declined to review his claim, Mr. Hamade sought judicial review of this decision on May 12, 2020. ECF No. 1. Parties timely filed cross motions for summary judgment. ECF Nos. 13, 15. Judge Morris issued a Report and Recommendation resolving the motions. ECF No. 17. Mr. Hamade filed nine Objections (ECF No. 21), to which the Commissioner responded (ECF No. 25).[1] These issues are now before the Court.

## II.  STANDARD OF REVIEW

Either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendation. 28 U.S.C. § 636(b)(1). Objections must cite the specific portion of the report and recommendation to which they pertain.

This Court must conduct a de novo review (as if it were considering the issues for the first time) of the parts of a report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

---

[1] While Mr. Hamade's original filing (ECF No. 20) was not properly framed, the Court granted him leave to amend and subsequently directed a response from the government to his Objections.

For any parts of the report and recommendation reviewed de novo, the Court's judicial review is nevertheless circumscribed: the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record."[2] *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is not a high standard, requiring "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

### III. ANALYSIS

**A. Objections Two, Three, Five, Eight, and Nine lack the required specificity**

As a preliminary matter, the filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). Unfortunately, that is the case with most of Plaintiff's Objections. For example, Objections Two, Three, Five, Eight, and Nine made by Mr. Hamade do not refer to specific parts of the Report and Recommendation or state with clarity where the Magistrate Judge made an error with which Plaintiff disagrees. Objections Two, Three, and Five simply provide information or reiterate details about Plaintiff's mental

---

[2] The ALJ's decision stands as the Commissioner's final decision. *See* 20 C.F.R. § 404.981.

4

health history, or about the series of events before and after his original social security disability finding. Objection Eight names several listings he believes the ALJ should have considered, while Objection Nine repeats general allegations about the ALJ's decision not being supported by substantial evidence and briefly mentions the hypothetical posed to the Vocational Expert. However, none of these Objections draws a connection to Judge Morris' analysis or identifies how Mr. Hamade disagrees with her analysis in light of the information he presents. Without any guidance as to what part of the Report and Recommendation to review, the Court is unable to evaluate these Objections, and they are overruled.

**B. Objection One does not meet the standard for remand**

Mr. Hamade's first Objection is that the record fails to include a state disability determination report in which he was awarded benefits for disability. ECF No. 21, PageID.649. He argues that without this report, both the ALJ and Judge Morris' analyses are flawed. But Mr. Hamade has never previously made mention of this record, even when asked by the ALJ at the hearing: "it sounds like maybe I have all the records, that your file is complete; does that sound . . . right to you?" ECF No. 11, PageID.81. And a district court may only order consideration of new evidence, often called a "sentence six" remand, if the evidence is new and material and if there is good cause for its failure to be included in the original proceeding. *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006). Mr. Hamade did not identify this apparently

5

missing record in his summary judgment motion, and so the Court has no way to know if it would be material. He also has not set forth "good cause" as to why he failed to advise the ALJ that this record was missing during the original hearing. This Objection is therefore overruled.

### C. The arguments raised in the remaining Objections are untimely or adequately addressed

In Objections Four, Six, and Seven, Mr. Hamade raises the lack of consideration the ALJ and Judge Morris gave to a diagnosis of paranoid personality disorder he received in October 2019, as well as the diagnoses of "Schizoid Affective Disorder, Psychotic disorder Bipolar Manic, Psychosis not otherwise specified Delusional." ECF No. 21, PageID.652.

Regarding the diagnosis of paranoid personality disorder in October 2019, Mr. Hamade raises this issue for the first time in his Objections. He does not mention this diagnosis or the ALJ's alleged failure to consider it in his Motion for Summary Judgment. A plaintiff cannot "raise at the district court stage new arguments or issues that were not presented to the magistrate," and therefore the Court cannot consider this issue. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Regarding the latter three diagnoses, they actually were considered in the Report and Recommendation. Judge Morris mentions them as appearing in Mr. Hamade's records from Oakland County Probate Court but that "[t]hese specific records do not appear to be part of the transcript record of his SSI disability claim." R. & R. at n.3, ECF No. 17,

6

PageID.601. As already explained, if this information was not in the record, the ALJ could not have considered it in making her decision, and Mr. Hamade has not indicated any "good cause" justifying his failure to alert the ALJ to the existence of these records at the time. These Objections are therefore overruled.

The Court acknowledges that Mr. Hamade is undergoing mental health challenges, that such conditions are serious and that they affect his day-to-day life. But the Court's review at this stage is limited to issues involving incorrect application of the law or insufficient factual evidence, and Mr. Hamade's Objections do not meet that standard.

## CONCLUSION

For all of the above reasons, the Court hereby **ACCEPTS AND ADOPTS** Magistrate Judge Morris' Report and Recommendation (ECF No. 17) as this Court's findings of fact and conclusions of law. Plaintiff's motion for summary judgment (ECF No. 13) is **DENIED**, Defendant's motion for summary judgment (ECF No. 15) is **GRANTED**, and the findings and conclusions of the Commissioner are **AFFIRMED**.

DATED this 14th day of September, 2021.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge